United States District Court
Southern District of Texas
**ENTERED**
January 20, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| GARCIA GRAIN TRADING CORP., | § § | Case No. 23-70028-EVR 11 |
| Debtor. | § § | |

| | | |
|---|---|---|
| RICHARD S. SCHMIDT, TRUSTEE OF THE GARCIA GRAIN CHAPTER 11 TRUST, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Adversary No. 24-07009 Civil Action No. 7:25-CV-00536 |
| FCCI INSURANCE COMPANY, | § § | |
| Defendant. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is Chief Bankruptcy Judge Eduardo V. Rodriguez's November 20, 2025, Report and Recommendation ("R&R") to the United States District Court regarding the Motion to Withdraw the Reference filed by Defendant FCCI Insurance Company ("FCCI"). (Dkt. No. 1). Judge Rodriguez recommended that Defendant's Motion to Withdraw, (Dkt. No. 2), be denied, (Dkt. No. 1 at 1).

On December 9, 2025, FCCI filed its objections to the R&R. (Dkt. No. 6). First, FCCI objected that the adversary proceeding is non-core. (*Id.* at 2–3). Second, FCCI objected that it did not "explicitly or impliedly consent to the jurisdiction of the Bankruptcy Court." (*Id.* at 3–4). Third, FCCI objected that it did not waive its right to a jury trial. (*Id.* at 4–6). On December 23, 2025, Plaintiff Richard S. Schmidt, Trustee of the

Garcia Chapter 11 Trust, responded in opposition to FCCI's Objections to the R&R. (Dkt. No. 9). On January 14, 2026, this Court held a hearing on the Motion to Withdraw. (*See* Jan. 14, 2025, Dkt. Minute Entry). After hearing argument from counsel, the Court took the matter under advisement. (*Id.*).

In accordance with Rule 9033 of the Federal Rules of Bankruptcy Procedure, the Court is required to "review de novo . . . any part of the bankruptcy judge's findings of fact or conclusions of law to which specific written objection has been made." *See Curtis v. Cerner Corp.*, 7:19-CV-00417, 2020 WL 1983937, at *2 (S.D. Tex. Apr. 27, 2020) (stating district courts are "obligated" to follow Rule 9033 when reviewing bankruptcy judge's R&R). After conducting this de novo review, the Court "may accept, reject, or modify the proposed findings of fact or conclusions of law, take additional evidence, or remand the matter to the bankruptcy judge with instructions." Fed. R. Bankr. P. 9033(c).

After carefully considering de novo those portions of the R&R to which objection was made, (Dkt. Nos. 1, 6), as well as the Motion to Withdraw the Reference, (Dkt. No. 2), the Response to the Objections, (Dkt. No. 9), arguments of counsel, the pleadings, and the record, the Court determines that FCCI's objections should be overruled, the reference should not be withdrawn, and FCCI waived its jury trial right and consented to entry of a final judgment by the Bankruptcy Court. It is therefore ordered that:

(1) Chief Bankruptcy Judge Rodriguez's R&R, (Dkt. No. 1), is **ADOPTED** in its entirety; and

(2) FCCI's Motion to Withdraw, (Dkt. No. 2), is **DENIED**. The Bankruptcy Court shall conduct a bench trial to adjudicate the claims brought in the adversary proceeding.

It is SO ORDERED.

Signed on January 17, 2026.

                                                _____
                                                     **DREW B. TIPTON**
                                          **UNITED STATES DISTRICT JUDGE**